UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**KATHY JACKSON,**
    Plaintiff,
v.

**HUCKABY AUTOMOTIVE,**
**et al.,**
    Defendants,

**Case No. 1:22-cv-959-CLM**

## MEMORANDUM OPINION

    Kathy Jackson, an African American woman, filed a pro se complaint to challenge her alleged workplace mistreatment and moved for leave to proceed in forma pauperis. (Docs. 1, 2). At the direction of the magistrate judge previously assigned this case, Jackson has since amended her complaint to add allegations about her employer's alleged discrimination, harassment, and retaliation. (Docs. 9, 10).

    The magistrate judge granted Jackson's in forma pauperis motion. (Doc. 9). When that happens, this court must screen the plaintiff's claims and dismiss the complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons explained within, the court finds that Jackson can proceed with her retaliation claim against Huckaby Automotive. The court will dismiss all other claims.

## STATEMENT OF THE ALLEGED FACTS[1]

Huckaby Automotive has employed Jackson since 2017. Jackson says that she is Huckaby Automotive's only African American employee. Jackson alleges that in the last week of June 2021 Diane Roberts, who calls drivers to work, called Jackson asking her to ride with Roberts on a job. When Jackson arrived at the dealership, Roberts told her to ride with Dennis Davidson instead. According to Jackson, before they left the dealership, Davidson made an inappropriate comment that made Jackson uncomfortable. Jackson then followed Davidson from Anniston to Pell City and drove Davidson back to the dealership. About 10 miles into the drive, Davidson said, "let's go to the woods and play with some snakes." Jackson interpreted this as a sexual comment that she says made her nervous that Davidson "would do something bad to me."

When they arrived back at the dealership, Jackson reported Davidson's comments to Roberts and someone named Mark. Though Roberts suggested that she, Jackson, and Davidson have a conversation about Davidson's comments, that conversation never happened and to Jackson's knowledge Huckaby Automotive didn't discipline Davidson. According to Jackson, she's only been called to work once since July 2021. And Roberts took Jackson's name off the calling list for jobs after Jackson complained about Davidson.

## STANDARD OF REVIEW

As discussed, this court must review the merits of in forma pauperis cases on its own. *See* 28 U.S.C. § 1915(e)(2)(B). In reviewing a complaint for failure to state a claim, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Jackson's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This court construes pro se complaint's liberally, but the court cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

---

[1] The court takes these facts from Jackson's amended complaint (doc. 10) and EEOC charge (doc. 7 at 8–10). The court may consider the allegations in Jackson's EEOC charge because the charge is (1) central to Jackson's claims, and (2) its authenticity isn't reasonably challenged. *See SFM Holdings, Ltd. v. Banc. of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

## DISCUSSION

The court proceeds in two parts. First, the court addresses Jackson's claims against the individual defendants. Second, the court addresses Jackson's claims against Huckaby Automotive.

### I. Does Jackson state a claim against the individual defendants?

Aside from naming her employer as a defendant, Jackson lists as defendants Roberts, Davidson, and George Brunner. Jackson appears to sue Roberts, Davidson, and Brunner under Title VII of the Civil Rights Act of 1964.[2] As the magistrate judge explained, "[t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). As a result, "the only proper individual defendants in a Title VII action would be supervisory employees in their capacity as agents of the employer." *Hinson v. Clinch Cty. Bd. Of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000).

Jackson cannot personally sue Davidson and Roberts for their alleged harassment and retaliation. And though given a chance to replead her claims against Roberts, Davidson, and Brunner, Jackson's amended complaint doesn't allege that she's suing them in their official capacities as agents of Huckaby Automotive. Indeed, Jackson's only allegations against Brunner are that he's a Huckaby Automotive supervisor that knows about her alleged discrimination and retaliation. These allegations fail to state a claim against Davidson, Roberts, and Brunner under Title VII. So the court will dismiss Jackson's claims against the individual defendants.

---

[2] Jackson's amended complaint also includes several unclear statutory references. (*See* Doc. 10 at 3). Jackson has failed to show that these statutes allow for a private right of action or explain how she's entitled to relief under these statutes. So the court will dismiss any claim asserted under any statute other than Title VII.

## II.     Does Jackson state a claim against Huckaby Automotive?

Liberally construed, Jackson asserts Title VII claims of race discrimination, hostile-work environment, and retaliation against Huckaby Automotive. The court addresses her claims in that order.

### A.     Race Discrimination

Title VII prohibits employers from discriminating against employees because of their race. 42 U.S.C. § 2000e-2(a)(1). "To state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotations omitted). "The complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case." *Id.* (quotations omitted). So as long as a plaintiff's well-pleaded factual allegations plausibly suggest that she suffered an adverse employment action because of intentional race discrimination, she has stated a claim of race discrimination under Title VII. *See id.*

Jackson hasn't plausibly alleged that she suffered an adverse employment action because of her race. Though the magistrate judge ordered Jackson to amend her complaint to state what adverse action occurred because of her race or color, Jackson's amended complaint doesn't point to a specific adverse employment action that she says was because of her race. Instead, Jackson merely clarifies that she was the only African American working at Huckaby Automotive. And the only adverse employment action identified in Jackson's complaint is Roberts' failure to call Jackson to work after she complained about Davidson. Jackson attributes Roberts' actions to her complaint about Davidson, not her race. So Jackson hasn't adequately stated a race discrimination claim.

### B.   Hostile-Work Environment

To adequately allege a discrimination-based hostile-work environment claim, a plaintiff must allege discriminatory conduct that is "so severe or pervasive that it created a work environment abusive to employees because of their race, gender, religion, or national origin." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993).[3] Jackson bases her hostile work environment claim on Davidson's harassing comments and unwanted sexual advances during the drive from Pell City to Anniston. She doesn't allege any other incidents of harassment. As the magistrate judge explained, a single incident of harassing conduct fails to state a discrimination-based hostile work environment claim. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002) (noting that harassment must be both severe and pervasive and discussing the factors to consider when evaluating the objective severity of the harassment). And though afforded the opportunity to amend her complaint to allege other incidents of harassing conduct, Jackson failed to do so. So the court will dismiss Jackson's hostile work environment claim.

### C.   Retaliation

Title VII also prohibits employers from retaliating against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). A plaintiff makes out a prima facie case of retaliation by plausibly alleging that (1) she engaged in statutorily protected activity; (2) she suffered an adverse action; and (3) the adverse action was causally related to the protected activity. *Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1344–45 (11th Cir. 2022). As explained below, Jackson's complaint adequately alleges each of these elements.

1. <u>Statutorily protected activity</u>: A plaintiff engages in protected activity when she complains of what she reasonably believes is an unlawful employment practice. *See Berman v. Orkin Exterminating Co., Inc.*, 160 F.3d 697, 702 (11th Cir. 1998). Jackson satisfies this element by alleging that she reported Davidson's suggestive comments to Roberts.

---

[3] A plaintiff may also allege a retaliation-based hostile work environment claim. *See Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1206–07 (11th Cir. 2021). Jackson hasn't adequately alleged a retaliation-based hostile work environment claim because she hasn't alleged that Davidson's harassing conduct stemmed from Jackson engaging in protected activity.

      2. <u>Adverse action</u>: In the retaliation context, an adverse employment action is any act that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008). So Roberts' allegedly scheduling Jackson to work only one time since she complained about Davidson meets the definition of an adverse employment action.

      3. <u>Causal connection</u>: A plaintiff can establish causation by plausibly alleging "that the protected activity and the adverse action were not wholly unrelated." *Tolar v. Bradley Arant Boult Cummings*, 997 F.3d 1280, 1294 (11th Cir. 2021) (quoting *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1135 (11th Cir. 2020) (en banc)).[4] The court finds that Jackson has plausibly alleged causation. Jackson complained to Roberts about Davidson's alleged harassment around the last week of June 2021. And Jackson alleges that since July 2021 she's only been called to work once. So the alleged adverse action started no more than a month after Jackson engaged in protected activity. At this initial screening stage, Jackson has alleged enough of a causal connection to survive dismissal. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (a plaintiff can show causation by pointing to close temporal proximity between protected activity and adverse action); *see also Surtain*, 789 F.3d at 1246 ("*McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement."). As a result, Jackson's retaliation claim may proceed past this stage.

* * *

      For these reasons, the court **will dismiss** Jackson's claims against Roberts, Davidson, and Brunner and Jackson's claims for race discrimination and hostile work environment against Huckaby Automotive. Jackson may proceed with her retaliation claim against Huckaby Automotive.

      The court believes that the issues surrounding Jackson's retaliation claim would benefit from adversarial presentation. So this opinion does not prejudice Huckaby Automotive's right to make any arguments or affirmative defenses in favor of pleading-stage dismissal once served.

---

[4] In *Gogel*, the en banc court assumed (in the summary-judgment context) that the not-wholly-unrelated standard applies at the prima facie stage, and the but-for-causation standard applies at the pretext stage. *Gogel*, 967 F.3d at 1135 n.13. This court follows that assumption.

By separate order, the court will carry out this ruling and direct the Clerk of Court to effectuate service on Huckaby Automotive.

**Done** on December 8, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE