UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KATHY JACKSON,**<br>    Plaintiff,<br>**v.**<br>**HUCKABY AUTOMOTIVE, d/b/a SUPERIOR AUTOMOTIVE,**<br>    Defendant, | **Case No. 1:22-cv-959-CLM** |

## MEMORANDUM OPINION

Plaintiff Kathy Jackson is a former driver for Defendant Huckaby Automotive d/b/a Superior Automotive ("Superior"). Jackson originally sued Superior for race discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. (*See* Docs. 7 & 10). After screening Jackson's complaint under 28 U.S.C. § 1915, the court allowed Jackson to proceed to discovery on only her retaliation claim. (*See* Docs. 13 & 14). Within that claim, Jackson alleged that Superior retaliated against her by taking her off its driver call list after she complained about sexually suggestive comments from a fellow driver.

Superior moves for summary judgment (doc. 27) and asks the court to strike portions of Jackson's evidentiary materials and response brief (doc. 34). For the reasons explained within, the court **WILL GRANT** Superior's motion for summary judgment (doc. 27) and **WILL DENY AS MOOT** Superior's motion to strike (doc. 34).[1]

---

[1] Considering the materials that Superior asks the court to strike doesn't change the outcome of this opinion. So the court will deny the motion to strike (doc. 34) as moot.

## STATEMENT OF THE FACTS[2]

1. <u>Superior's drivers</u>: Superior uses drivers, like Jackson, to deliver or transport vehicles between dealerships or to customers. When drivers are needed, Superior contacts Dianne Roberts to find available drivers. Roberts then goes through a call list of potential drivers to find a driver available to transport the vehicles needing to be moved. If a potential driver doesn't answer his phone or is otherwise unavailable to drive, Roberts moves on to the next driver on the call list. Once Roberts finds the requisite number of drivers for an assignment, she coordinates the pick-up and drop-off process for that assignment.

2. <u>Jackson's allegations</u>: Jackson began driving for Superior in 2015. According to Roberts, between January and August 2021, she called Jackson over 50 times on 34 separate days to see if Jackson was available for a driving assignment. But Roberts says Jackson accepted only 7 of these driving assignments. Jackson disputes Roberts' assertion that she called Jackson over 50 times in 2021. Jackson, however, admits that she had to turn down several assignments from Roberts because she was in Georgia taking care of her grandkids and unable to drive for Superior.

On June 9, 2021, Roberts called Jackson and assigned her the job of driving a chase car behind Dennis Davidson from Anniston to a dealership in Pell City. Jackson accepted the assignment and soon after she arrived at the Anniston dealership Davidson greeted her by saying, "Hey, sexy." (Doc. 28-3 at 16). Jackson overlooked the comment, and she and Davidson drove their cars to the Pell City dealership. After dropping his car off at the Pell City dealership, Davidson got into Jackson's car, and she began to drive the pair back to Anniston. Within five minutes of Jackson turning on I-20, Davidson "slanted a little bit" and said "[l]et's drive off into the woods, and let's play

---

[2] These facts are taken from the parties' evidentiary submissions, including Jackson's EEOC charge. Jackson, who is proceeding pro se, makes several factual assertions in her brief unsupported by her evidentiary submissions. As the court has explained to Jackson, to defeat summary judgment, she "must show the specific facts asserted to be in genuine dispute on the basis of the pleadings of the moving party, depositions, answers to interrogatories, and admissions on file, including any affidavits or declarations." (*See* Doc. 30 at 1 (quotations omitted)). So the court will not consider any factual assertions unsupported by the record evidence.

2

with some snakes." (*Id.* at 17). Jackson took this as a sexually charged comment because of comments she had heard from older men when she was a girl. Jackson also felt that Davidson meant for the comment to be sexual because of his body language, the tone of his voice, and eye contact.

Neither Jackson nor Davidson spoke for the rest of the car ride to Anniston. But after Jackson left the Superior dealership, she called Roberts and reported Davidson's comments. Roberts said that she would call a meeting between Jackson, Davidson, and Roberts but that meeting never took place. And after Jackson reported Davidson's comments, Jackson says that Superior assigned her only one other job and then took her off the driving list. Superior disagrees, asserting that Roberts' affidavit and Jackson's phone records show that Roberts contacted Jackson five times after the incident with Davidson to see if she was available for a driving assignment. And Roberts denies removing Jackson from the call list because of her complaint about Davidson. Roberts says that she instead stopped contacting Jackson for driving assignments because Jackson regularly refused to accept such assignments.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, this court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## DISCUSSION

Superior moves for summary judgment on two grounds (a) Jackson has no right to recover against Superior under Title VII because she was an independent contractor, not a Superior employee, and (b) Jackson has failed to show that Superior retaliated against her. The court agrees with Superior's argument that Jackson hasn't established pretext, so the court won't address Superior's independent contractor argument.

Jackson presents no direct evidence of retaliation, so the court analyzes her claims under the frameworks applicable to cases involving circumstantial evidence of retaliation. One way that Jackson can create a jury question on her retaliation claim is to satisfy the three-part burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1344–45 (11th Cir. 2022). Under that framework, (1) Jackson bears the initial burden to prove a prima facie case of retaliation; (2) the burden then shifts to Superior to produce a legitimate, nondiscriminatory reason for taking Jackson off the driver call list; and finally, (3) the burden returns to Jackson to show pretext.

1. <u>Legitimate reason</u>: The court assumes that Jackson's evidence makes out a prima facie case of retaliation. So the burden shifts to Superior to articulate a legitimate, nondiscriminatory reason for the removal of Jackson from the driver call list. Superior meets this burden by pointing to Roberts' statement that she stopped calling Jackson because she regularly refused to accept driving assignments. *See Perryman v. Johnson Prods. Co., Inc.*, 698 F.2d 1138, 1142 (11th Cir. 1983) (noting that the employer's burden at this step is "exceedingly light" and "merely one of production, not proof").

2. <u>Pretext</u>: The burden now shifts to Jackson to show that Superior's stated reason for taking Jackson off the driver call list is pretext for unlawful retaliation. "To show that an employer's given reasons are pretextual, a plaintiff must show *both* that the reason was false, *and* that retaliation was the real reason." *Patterson*, 38 F.4th at 1352 (quotations omitted). "A plaintiff cannot rebut a reason by simply quarreling with the wisdom of that reason or substituting her business judgment for that of the employer." *Id.* (quotations omitted). She must instead "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Id.*

Jackson's evidence casts some doubt on Superior's version of events. For example, Jackson presents evidence that disputes Superior's assertion that Roberts called Jackson 50 times for driving assignments in 2021 and that Roberts tried to schedule Jackson for 5 driving assignments after she complained of Davidson's conduct. But Jackson doesn't dispute that she

4

completed only 7 driving assignments for Superior in 2021. And Jackson agrees with Superior that she had to turn down some driving assignments because she was taking care of her grandkids in Georgia. So the court finds that Jackson hasn't shown that Superior's explanation that Jackson was taken off the driver call list for regularly turning down assignments is false.

More importantly, Jackson's evidence fails to show that retaliation for Jackson's complaint about Davidson was the real reason Jackson was taken off the driver call list. Jackson asserts that the close temporal proximity between her complaint and Roberts' decision to stop calling her shows retaliation. But close temporal proximity between a protected activity and adverse employment action is usually "insufficient to establish pretext by itself." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006). And Jackson has presented no other evidence that suggests that Superior intended to retaliate against her for engaging in protected activity. So she hasn't established that retaliation was the reason she was taken off the driver call list.

For both these reasons, the court will grant Superior's motion for summary judgment on Jackson's Title VII retaliation claim.

## CONCLUSION

For the reasons stated above, the court **WILL GRANT** Superior's motion for summary judgment (doc. 27) and **WILL DENY AS MOOT** Superior's motion to strike (doc. 34). The court will enter a separate final order that closes this case and **DISMISSES WITH PREJUDICE** Jackson's Title VII retaliation claim.

**Done** on October 20, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE